Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOE ESQUIVEL**, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**MONA LEE, INC.**,<br><br>*Defendant*. | Case No.:   **'25CV607 H    BLM**<br><br>**COMPLAINT - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## <u>INTRODUCTION</u>

1.     This action arises out of the marketing practices of Defendant, Mona Lee, Inc. ("Defendant" or "Mona Lee") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.     Defendant sends telemarketing text messages advertising Defendant's products and services.

3.     Defendant continues to send telemarketing text messages even after it receives multiple requests from the called party requesting that Defendant stop.

4.      Accordingly, Plaintiff Joe Esquivel ("Plaintiff" or "Mr. Esquivel") brings this action on behalf of himself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6.      This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District, has committed tortious acts in/from this District, and targeted a resident of this District with its illegal marketing campaign.

7.      Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## PARTIES

8.      Plaintiff Joe Esquivel ("Mr. Esquivel" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Brawley, California.

9.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10.     Defendant is, and at all times mentioned herein was, a Delaware corporation headquartered at 399 Congress Street, Suite 1901, Boston, MA 02210.

2

11.    Defendant may be served via its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

12.    Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## TCPA BACKGROUND

13.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

### *National Do Not Call Registry*

14.    The TCPA establishes a national "do not call" database of numbers not to be called.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

15.    These regulations are codified at 47 C.F.R. §§ 64.1200(c)(1-2).

16.    Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §

3

64.1200(c)(2).

17.    A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

### *Internal Do Not Call Regulations*

18.    The TCPA also required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

19.    The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

20.    Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

21.    The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

22.    However, recognizing that an honor system would probably be

4

insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

23.     These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

24.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

25.     These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

26.     Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

---

[1] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

27.     There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

28.     A company must comply with the procedures for the company specific do-not-call list. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

29.     Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones that are used for residential purposes. 47 C.F.R. § 64.1200(e).

30.     Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations").  In fact, in May 2013, the FCC issued a binding declaratory ruling

6

clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Netowrk, LLC et al. for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

31.    Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

32.    Finally, text messages, such as the ones sent by Defendant, are subject to the TCPA and its implementing regulations. *See* Fed. Commc'ns Comm., Enforcement Advisory No. 2016-06, DA 16-1299, *Robotext Consumer Protection: Text Message Senders Must Comply With the Telephone Consumer Protection Act* (Nov. 18, 2016).

## **FACTUAL ALLEGATIONS**

33.    Plaintiff is the user of a cellular telephone number ending in 4489.

34.    Plaintiff's cellular telephone number ending in 4489 is used for residential purposes and is not associated with a business.

35.    Plaintiff registered his cellular telephone number ending in 4489 on the National Do-Not-Call Registry on February 2, 2024 because she did not want to

receive the types of solicitation calls and text messages at issue here.

36.    Defendant sent Plaintiff multiple text messages soliciting Defendant's products and services.

37.    These text messages came from 10-digit telephone numbers, including: (888) 492-2204, (844) 974-3449 and (650) 899-8727.

38.    A call log showing inbound and outbound messages to Plaintiff's telephone number is attached as **Exhibit A.**

39.    Defendant's text messages related to Defendant's solar products and services.

40.    Certain of these messages would include links that, when clicked, would direct a consumer's browser to a website where a consumer could book an appointment with Defendant:

41.    Certain of these messages included language stating, "[i]f you are no longer interested, please let us know and we'll remove your quote from our database."

42.    Plaintiff repeatedly made requests to stop the messages, but Defendant did not stop sending Plaintiff messages as shown on **Exhibit A**.

43.    Plaintiff did not provide his consent to receive these text messages.

44.    To the extent Defendant had any consent to send these text messages, Plaintiff revoked such consent as shown above.

45.    Defendant's records or the records of third parties will reveal all of the

text messages Defendant sent to Plaintiff.

46.    Defendant or those otherwise sending text messages on Defendant's behalf, did not have written do-not-call policies or procedures at the time of the texts to Plaintiff and the classes defined below.  Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued text messages to Plaintiff after she directly asked not to be contacted.

47.    Defendant's violations were negligent.

48.    Alternatively, Defendant's violations were willful and knowing.

49.    Plaintiff and the classes were damaged by the violations alleged herein.  Their privacy was improperly invaded, Defendant's text messages temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted text messages.  The text messages were annoying and a nuisance, and wasted the time of Plaintiff and the class members.  *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## **DEFENDANT'S LIABILITY**

50.    Defendant uses automated systems to send text messages, to hundreds if not thousands of consumers across the U.S. as part of its marketing strategy.

51.    Defendant sent two or more telephone solicitations to Plaintiff, whose

number was on the National Do-Not-Call Registry at the time of the text messages. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

52.    Accordingly, for violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per call through 47 U.S.C. § 227(c).

53.    Plaintiff is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or willful.

54.    Defendant made two or more telemarketing calls to Defendant despite not having in place the required policies and procedures prior to making such calls – as evidenced by Defendant's failure to stop texting Plaintiff when she requested. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(d).

55.    Accordingly, for violations of 47 C.F.R. § 64.1200(d), Plaintiff is entitled to an additional $500 per call through 47 U.S.C. § 227(c).

56.    Plaintiff is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

57.    Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the following "Classes," defined as follows:

**National Do-Not-Call Class**:  Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls and/or text messages in a 12-month period when the telephone number to which the telephone calls or texts were made was on the National Do-Not-Call Registry for 31 days or more at the time of the calls/texts, from

four years prior to the filing of the Complaint through class certification.

**Internal Do-Not-Call Class**:   Plaintiff and all persons within the United States whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period, including at least one after the person requested that the calls or messages stop from four (4) years prior to the filing of the Complaint to the date of class certification.

58.   Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

59.   The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

60.   The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

a.   The time period(s) during which Defendant sent its text messages;

b.   The telephone numbers to which Defendant sent its text messages;

c.   The telephone numbers for which Defendant had prior express written consent;

12

d.     The telephone numbers that replied to Defendant's text messages with a message communicating a desire that Defendant stop sending text messages;

e.     The purposes of such text messages; and

f.     The names and addresses of Class members.

61.   The Class is comprised of hundreds, if not thousands, of individuals.

62.   There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

a.     Whether Defendant (or someone acting on its behalf) sends telemarketing text messages;

b.     Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

c.     Whether Defendant or the entities with which they contract make solicitation calls and to telephone numbers registered on the National Do-Not-Call Registry;

d.     Whether Defendant had the required policies and procedures prior to sending telemarketing text messages;

e.     Whether Defendant honors do-not-call requests;

f.     Whether Defendant's statutory violations were willful and knowing; and

g.    Whether Defendant should be enjoined from engaging in such conduct in the future.

63.    Plaintiff is a member of the Classes in that Defendant sent two or more texts for telemarketing purposes, in a one-year period to his telephone number, after he asked Defendant to stop and while his number was registered to on the National Do-Not-Call Registry.

64.    Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

65.    Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted text messages and suffered a nuisance and an invasion of their privacy.

66.    Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

67.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

68.    Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

69.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

70.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

71.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On behalf of Plaintiff and the National Do-Not-Call Class)

72.     Plaintiff and the proposed Class incorporate the allegations of paragraphs 1-71 as if fully set forth herein.

73.     Defendant made, or had made on its behalf, telephone solicitations to Plaintiff and putative National Do-Not-Call Class Members' telephone numbers.

74.     Plaintiff's and putative National Do-Not-Call Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

75.     Plaintiff and putative National Do-Not-Call Class Members each received two or more such calls in a 12-month period.

76.     Plaintiff and putative National Do-Not-Call Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

77.   Plaintiff and putative National Do-Not-Call Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On behalf of Plaintiff and the Internal Do-Not-Call Class)

78.   Plaintiff and the proposed Class incorporate the allegations of paragraphs 1-71 as if fully set forth herein.

79.   Defendant sent numerous text messages for telemarketing purposes to Plaintiff's and putative Class Members' telephone numbers.

80.   Defendant did so despite not having a written policy pertaining to "do not call" requests.

81.   Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

82.   Defendant did so despite not recording or honoring "do not call" requests.

83.   Defendant sent two or more telemarketing text messages to Plaintiff and putative Class Members' telephone numbers in a 12-month period.

84.   Plaintiff and putative Internal Do-Not-Call Class Members are entitled to an award of $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

85.    Plaintiff and putative Internal Do-Not-Call Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing her counsel as Class Counsel;

B.    An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C.    An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein and adopting policies and procedures that will compel Defendant's compliance with the TCPA;

D.    An award of statutory damages;

E.    An award of treble damages under the TCPA;

F.    An award of reasonable attorneys' fees and costs; and

G.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: March 14, 2025                    Respectfully Submitted,


                                By:   /s/ Todd M. Friedman
                                      Todd M. Friedman
                                      Law Offices of Todd M. Friedman


                                      /s/ Max S. Morgan, Esquire*
                                      Max S. Morgan
                                      THE WEITZ FIRM, LLC
                                      1515 Market Street, #1100
                                      Philadelphia, PA 19102
                                      Tel: (267) 587-6240
                                      Fax: (215) 689-0875
                                      max.morgan@theweitzfirm.com
                                      (*pro hac vice application forthcoming)

                                      *Attorneys for Plaintiff*

18